

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2005

# In Re: Diet Drugs

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3928

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"In Re: Diet Drugs " (2005). *2005 Decisions.* Paper 1043.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1043

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-3928

_____

IN RE:  DIET DRUGS (PHENTERMINE/
FENFLURAMINE/DEXFENFLURAMINE)
PRODUCTS LIABILITY LITIGATION

Deborah Badarzynski
Appellant

_____

On Appeal From the United States
District Court
For the Eastern District of Pennsylvania
(D.C.  MDL 1203)
District Judge:  Hon. Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2005

BEFORE:  AMBRO, STAPLETON and ALARCON,*
Circuit Judges

(Filed: June 8, 2005)

_____

* Honorable Arthur L. Alarcon, United States Circuit Judge for the Ninth Circuit, sitting
 by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

In order to register for benefits under the Settlement Agreement in the Diet Drug Class Actions, appellant Deborah Badarzynski was required to return her Blue Form to the AHP Settlement Trust ("Trust") by May 3, 2003. She did not do this until November 21, 2003. Applying the "excusable neglect" standard set forth in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380 (1993), the District Court concluded that Badarzynski's untimely filing was not attributable to such neglect. We find the analysis set forth in its opinion persuasive and cannot say that the District Court abused its discretion.[1]

The judgment of the District Court will be affirmed.

---

[1]Ms. Badarzynski had actual notice of the deadline for registration and learned ten days before the deadline that her attorney may have failed to effectuate her registration as she intended. She nevertheless waited over six months to advise the Trust of her desire to register. Thus, this case is far different from *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 246 F.3d 315 (3d Cir. 2001).